Hawes, J.
[After referring'to the issues raised by the pleadings.]—The defendant corporation, however, has not complied with section 1778 of the Code requiring *279 an order to be served with the answer. The plaintiff is entitled to judgment under, that section, and while I have no doubt that he could enter up his judgment without application to the court, yet I am not justified in declining jurisdiction in the interpretation of the statute, as it is new, and the practice under.it is as yet undetermined. The provisions of the Revised Statues affecting this subject (part 3, ch. 8, title 4, art. 1, sec. 8)* authorized the plaintiff in an action against a corporation founded on a note or other evidence of debt to apply to the court for judgment on the return day, and the court then rendered judgment in favor of plaintiff, unless it was made to appear that the corporation had a good and substantial defense on the merits. ■ Section 1778 of the Code modifies this statue in conformity to the Code practice, and makes it incumbent on the de-' feiidant corporation to establish such prima facie proof of merits by procuring from the judge an order directing that the issues presented by the pleadings be tried, and in case such order is not obtained and served, the section provides that the plaintiff may enter up his judgment in the same manner and with like effect as if no answer had been served; and, consequently, no application to the court is necessary. The provisions of section 1778 are clearly intended to prevent corporations from interposing dilatory pleas by compelling them to obtain from the court an adjudication of the meritoriousness of their defense, and when not obtained it virtually declares the answer a nullity, and directs plaintiff to take judgment with like effect and-in like manner as in case of default in its service.
An order will be entered directing judgment for the plaintiff in the four actions, but as plaintiff could have taken judgment without application to the court, no costs of these motions will be granted.

 1 R. S. 458, §8 (3 Id. 6 ed. 741, § 6).