McNicholl *v.* Kane.

## City Court.

*Trial Term—June,* 1884.

### McNICHOLL *against* KANE.

The husband is liable for the tortious acts of the wife committed in his absence, since the Code, in the same manner, and to the same extent that he was before the Code.

McADAM, Ch. J.—This action is to recover damages for slander uttered by the defendant, a married woman, who, by way of defense, pleads the non-joinder of her husband as a party defendant. The plea is admitted to be true, and the question is, whether the husband is a necessary party. It is conceded that if the common law rule is to be applied, that the husband ought to have been joined as a defendant; but it is contended that since

the Code of Procedure, permitting a married woman to defend as if she was single (*Code*, § 450), the reason for the common law has ceased, and with it the rule itself (Fitzgerald v. Quann, 1 *Civ. Pro.* 273; Muser v. Miller, 3 *Id.* 388).

While it is true that one of the reasons assigned for the rule by elementary writers is, that the wife at common law could not be sued alone, and that if the husband were also protected from responsibility, the injured party would be entirely without redress (*Macqueen on Husb. & W.* pt. 1, p. 127), yet this was not the sole ground of the husband's liability. The marital relation formed the real ground—the inability of being sued alone, a mere incident. The legal existence of the wife was suspended during the marriage, or at least consolidated into that of the husband, under whose wing, protection and cover she was theoretically supposed to perform everything (1 *Blacks. Comm.* 442).

This rule still continues, excepting as to rights of property and the like, in respect to which the husband and wife are, by force of express statute, considered as two distinct persons. But the statute goes no further, and it is only in respect to these statutory rights and the liabilities growing out of them that the wife is, by a fiction of law, regarded as a single woman for the purpose of suing and being sued alone. Section 450 of the Code is to be construed with especial reference to those statutes. That section does not purport to change liabilities, but simply allows married women, when solely interested or liable by force of existing laws, to sue or be sued as if they were unmarried. So far only as the husband has been relieved from control has he been relieved from responsibility. To go further, extends the section in question beyond its evident purpose and meaning. If the Legislature had intended by section 450 to relieve the husband from his common law liability for the tortious acts of his wife committed in respect to persons and things in which

by the enabling statutes she has acquired no right of property, language indicative of such intent would have been employed. It is, therefore, safer to stand by the old principles and precedents of the common law until they have been changed by intelligent legislative enactment, than to attempt by judicial decisions to do that which the courts think the Legislature ought to have done.

Until more authoritatively enlightened, this court will adhere to the old established rule that for torts committed by the wife in the absence of the husband the latter is a necessary party, and must be joined as a defendant (1 *Civ. Pro.* 278, 279; and see opinion of Earle, J., in Bertles *v.* Nunan, 12 *Abb. N. C.* 279).

For these reasons there must be judgment for the defendant on her plea of non-joinder.